No. 888

MARTIEN ELECTRIC CO. v. HARRIMAN NAT. BK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7767.  Decided Nov. 7, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

Judges Richards, Williams and Lloyd of the 6th Dist., sitting.

**384.  DEMURRER—923.  Pleadings—Petition which charges, in effect, that defendant caused plaintiff's property to be unlawfully taken and appropriated to benefits of defendant and seeks restitution thereof, contains facts sufficient to constitute a cause of action.**

Error to Common Pleas.
Judgment reversed.

Turney & Sipe, Cleveland, for Electric Co.
Ulmer & Berne, Cleveland, for Nat. Bank.

STATEMENT OF FACTS.

The plaintiff in error seeks to reverse a judgment of the Court of Common Pleas in an action pending therein wherein plaintiff in error was plaintiff and defendant in error defendant. A demurrer was filed to the petition of plaintiff which being sustained and plaintiff not desiring to plead further, the court entered judgment in favor of the defendant.

The petition alleges, that plaintiff, a corporation, is the owner of all of the assets and choses in action of the Martien Electric Company, a partnership; that this partnership had theretofore contracted with the North Shaker Boulevard Co. to purchase merchandise and materials therefor and to install the electrical work in certain apartment buildings to be constructed by the Boulevard Co., some of which had been begun and some, including a garage, had been built; that pursuant to the terms of the contract, plaintiff was to and did purchase, in advance, in quantity, the necessary merchandise and materials for completing the said electrical work, and, as provided by the contract, stored same in the garage, the use of which, for such purpose, having been given

to the partnership by the boulevard company; that the boulevard company, becoming financially embarrassed, the construction work was stopped; that the defendant bank, as trustee, held a mortgage on the real estate of the boulevard company, executed and delivered long before the contract of plaintiff; that thereafter the defendant commenced an action to foreclose same; that a decree and order of sale were issued therein by the court; that defendant caused said decree to include not only the real estate mortgaged, but also the electrical materials and merchandise of the plaintiff not included in the mortgage and located in the garage; that upon said order of sale the defendant caused said merchandise to be offered for sale, when said merchandise was offered for sale, caused same to be sold, or a form of judicial sale to be gone through with, and said personal property of plaintiff was sold for the nominal sum of $1,000, the actual value thereof being $9,200; that thereafter the Court of Appeals reversed that portion of said decree ordering said personal property to be sold, which reversal was affirmed by the Supreme Court and is now final; that said materials and merchandise of plaintiff were sold by the purchaser thereof to another who paid to plaintiff $2,700 for an agreement by plaintiff to forebear from replevin or injunction proceedings to test the title of such subsequent vendee to such merchandise and materials; and that by reason of the aforesaid alleged facts plaintiff has been injured and damaged in the sum of $6,450, for which it prays judgment.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LLOYD, J.

In effect, the plaintiff charges that the defendant caused its property to be unlawfully taken and appropriated to the benefit of the defendant and now seeks restitution thereof. We are of the opinion that an examination thereof will show that the authorities amply support our conclusion that the petition of plaintiff contains facts sufficient to constitute a cause of action.

(Richards and Williams, JJ., concur.)